# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIMBERLY DAVIS, individually and as the representative of a class of similarly situated persons;<br><br>        Plaintiff,<br><br>  vs.<br><br>STADION MONEY MANAGEMENT, LLC, and UNITED OF OMAHA LIFE INSURANCE COMPANY,<br><br>        Defendants. | 8:19CV556<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendants', Stadion Money Management's, LLC ("Stadion") and United of Omaha Life Insurance Company's ("United of Omaha"), motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Filing No. No. 42 and Filing No. 47. This case involves a claim under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq. Plaintiff has filed for class action certification in this matter (hereinafter collectively referred to as "Plaintiffs"). The Plaintiffs allege in the first amended complaint that Stadion breached its fiduciary duty in violation of ERISA to the detriment of Plaintiffs. Filing No. 36. Plaintiffs allege United of Omaha was a knowing participant in Stadion's violations, and United of Omaha allegedly profited from these breaches. The Court has carefully reviewed the motions, briefs in support and in opposition, the exhibits attached to declarations, and the relevant case law. The Court will deny both motions to dismiss at this time.

**BACKGROUND**

Stadion is a registered investment advisor that provides managed account services to participants in ERISA-covered plans. United of Omaha is an insurance company who issues group variable annuity contracts to employer-sponsored retirement plans and provides administrative and investment services. Stadion has a marketing relationship with United of Omaha that pairs Stadion's managed account services with United of Omaha's group variable annuity platforms. Stadion, argues Plaintiffs, breached its fiduciary duties under ERISA by investing the retirement account assets of Plaintiffs with Stadion managed subaccounts, specifically United of Omaha's Guaranteed Account, over better performing alternatives. Therefore, Stadion showed a preference for its partnership with United of Omaha, alleges Plaintiffs. Plaintiffs argue Stadion's subaccounts were inferior to available alternatives, but that Stadion chose to continue allocating retirement account assets with United of Omaha in order to preserve their marketing relationship. As a result of Stadion's preferential treatment and United of Omaha's knowing participation, Plaintiffs allegedly suffered a detriment that included higher overall costs and investment underperformance, alleges Plaintiffs.

**STANDARD OF REVIEW**

Fed. R. Civ. P. 12(b)(6)

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007); *Braden*, 588 F.3d at 594. "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In deciding a motion to dismiss under Rule 12(b)(6), a court must accept the allegations contained in the complaint as true and draw reasonable inferences in favor of the nonmoving party. *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010). Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Courts follow a "two-pronged approach" to evaluate Rule 12(b)(6) challenges. *Iqbal*, 556 U.S. at 679. First, a court divides the allegations between factual and legal allegations; factual allegations should be accepted as true, but legal allegations should be disregarded. *Id.* Second, the factual allegations must be parsed for facial plausibility. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677. The Court should not "incorporate some general and formal level of evidentiary proof into the 'plausibility' requirement of *Iqbal* and *Twombly*." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012). The question at this preliminary stage is not whether a plaintiff might be able to prove its claim, but whether it has "adequately asserted facts (as contrasted with naked legal conclusions) to support" those claims. *Id.*

The court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly*, 550 U.S. at 558,

556.  When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6).  *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 679.  Dismissal under Rule 12(b)(6) is appropriate only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations.  *O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

ERISA

In cases alleging fiduciary breach under ERISA, participant plaintiffs are not "required to describe directly the ways in which [defendants] breached their fiduciary duties," or "the process by which the Plan was managed" or "to plead facts tending to contradict . . . inferences" supporting alleged lawful conduct.  *Braden*, 588 F.3d at 595-96.  Courts "must be cognizant of the practical context of ERISA litigation," *Id.* at 598, and "attendant to ERISA's remedial purpose and evident intent to prevent through private civil litigation 'misuse and mismanagement of plan assets.'"  *Id.* at 597 (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 n.8 (1985)).  "No matter how clever or diligent, ERISA plaintiffs generally lack the inside information necessary to make out their claims in detail unless and until discovery commences."  *Id.* at 598; *see also Allen v. GreatBanc Trust Co.*, 835 F.3d 670 (7th Cir. 2016) ("[A]n ERISA plaintiff alleging breach of fiduciary duty does not need to plead details to which she has no access, as long as the facts alleged tell a plausible story") (agreeing with the Eighth Circuit in *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585 (8th Cir. 2009)).

The Supreme Court has stressed that a motion to dismiss is an "important mechanism" for "weeding out meritless [ERISA] claims."  *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459, 2470-71 (2014); *see also Amgen Inc. v. Harris*, 136 S.

Ct. 758, 760 (2016) (per curiam). In passing ERISA, Congress intended to create a system that is not "so complex that administrative costs, or litigation expenses" discourage employers from sponsoring benefit plans or individuals from serving as fiduciaries. *Conkright v. Frommert*, 559 U.S. 506, 517 (2010) (citation omitted). Given the "ominous" prospect of discovery in large ERISA class actions and their potential for exerting *in terrorem* settlement pressure, *PBGC ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 719 (2d Cir. 2013), the Supreme Court has instructed lower courts to engage in "careful, context-sensitive scrutiny of a complaint's allegations." *Fifth Third*, 134 S. Ct. at 2470-71.

## DISCUSSION

### *Statute of Limitations and Repose*

ERISA imposes a limitation of actions on claims regarding a "fiduciary's breach of any responsibility, duty, or obligation" . . . after the earlier of --

> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation; except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.

Section (1) of the ERISA statute of limitations bars plaintiffs from filing suit six years after the date of the last action that constituted a part of the breach or violation. 29 U.S.C. 1113(1)(A). This provision requires only a "'breach or violation' to start the 6-year period." *Tibble v. Edison Intern.*, 135 S. Ct. 1823, 1827 (2015). The Supreme Court has analyzed the statutory bar in ERISA under trust law, in which it is recognized that a fiduciary is required to conduct a regular review of its investments and remove imprudent ones. *Id.*

at 1827-8.  Therefore, "a plaintiff may allege that a fiduciary breached the duty of prudence by failing to properly monitor investments and remove imprudent ones. In such case, so long as the alleged breach of the continuing duty occurred within six years of suit, the claim is timely."  *Id.* at 1828-9.

Section (2) of the ERISA statute of limitations shortens the bar to three years for claims of a breach of fiduciary duty in instances where the plaintiff had actual knowledge of the breach or violation.  The statute requires "actual knowledge of the breach or violation," which means a plaintiff must have "actual knowledge of all material facts necessary to understand that some claim exists.  *Brown v. American Life Holdings, Inc.*, 190 F.3d 856, 859 (8th Cir. 1999) (citing *Gluck v. Unisys Corp.*, 960 F.2d 1168, 1177 (3rd Cir. 1992)).  "Disclosure of a transaction that is not inherently a statutory breach of fiduciary duty . . . cannot communicate the existence of an underlying breach."  *Id.* (citing *Fink v. National Sav. & Trust Co.*, 772 F.2d 951 (D.C. Cir. 1985)) (quoted in *Waller v. Blue Cross of California*, 32 F.3d 1337 (9th Cir. 1994)).  The nature of the alleged breach is critical for the actual knowledge requirement.  For instance, if the fiduciary made an imprudent investment decision, actual knowledge would require the plaintiff to have knowledge of how the fiduciary selected the particular investment.  *Id.*  *See also Sulyma v. Intel Corp. Investment Policy Comm.*, 909 F.3d 1069 (9th Cir. 2018) (The limitations period begins to run when "the plaintiff has sufficient knowledge to be alerted" to the particular ERISA claim."  The defendant "must show that the plaintiff was actually aware of the nature of the alleged breach more than three years before the plaintiff's action is filed").

Stadion alleges that the pleadings and mandatory disclosures show that the relevant information supporting Plaintiffs' claims were known more than three years

before suit was filed, and therefore Plaintiffs' claims are time-barred. Filing No. 44 at 10. Stadion argues that United of Omaha and Stadion began allocating Plaintiffs' retirement account assets in January 2012, and mandatory notices describing Stadion's services were provided to plan participants in 2012. Filing No. 44 at 10-11. Stadion contends that Plaintiffs' complaint is based on fees and investments that were done and disclosed more than six years ago, and that because Plaintiffs' representative Kimberly Davis withdrew the funds from her plan more than five years before bringing suit (Plaintiff Davis withdrew her funds in March 2013, Filing No. 36 ¶ 13), ERISA's three-year statute of limitations is an absolute bar to Plaintiffs' claims. Filing No. 44 at 11-12.

Additionally, Stadion argues that Plaintiffs' claims are barred by ERISA's limit on bringing suits six years after the date of the last action which constitutes a part of the breach or violation. Filing No. 44 at 12 (citing 29 U.S.C. § 1113(1)). Stadion asserts that "alleged prohibited transactions [can] only be based on the initial [transaction]." *Id.* (citing *David v. Alphin*, 704 F.3d 327, 340 (4th Cir. 2013)).

Plaintiffs disagree and argue that they lacked the actual knowledge required for the ERISA three-year statute of limitations to run. Filing No. 53 at 18. Plaintiffs assert that the "mere notification that [certain] funds were in the Plan menu falls short of providing 'actual knowledge of the breach or violation.'" Filing No. 53 at 20 (citing *Tibble v. Edison Int'l*, 729 F.3d 1110, 1121 (9th Cir. 2013). Plaintiffs also contend there was no actual knowledge regarding how Stadion selected investments nor how Stadion's managed account service compared to other managed account services. Filing No. 53 at 20.

Additionally, Plaintiffs argue that ERISA's general six-year limitations period does not bar her breach of fiduciary duty claim. Filing No. 53 at 20-1. Plaintiffs allege that the claims are limited to the period after January 25, 2013, and that because this action was

filed on January 25, 2019, the claims are within the six-year statutory period. Filing No. 53 at 21. Plaintiffs argue that although Stadion began investing participants' retirement savings before January 25, 2013, that does not mean Stadion stopped doing so after that time. Rather, Stadion periodically continued to do so over the relevant period. *Id.*

The Court finds that the Plaintiffs have alleged sufficient facts to establish a plausible claim for relief that occurred within the statute of limitations and repose. The Court adopts the Supreme Court's analysis of the statutory bar in ERISA as described in *Tibble.* A fiduciary has a continuing duty to monitor investments and remove imprudent ones. As long as the breach of the continuing duty occurred within six years of the suit, the claim is timely. Here, Plaintiffs allege Stadion failed to properly monitor investments and continued to do so over the relevant period. Plaintiffs' claims are limited to the period after January 25, 2013 and this action was filed on January 25, 2019, just within the six-year bar. Therefore, Plaintiffs' claims are not barred by the six-year statute of repose.

Additionally, for purposes of this motion, the Court finds that Plaintiffs lacked the actual knowledge required to meet the three-year statutory bar. Plaintiffs would have needed actual knowledge of how Stadion selected particular investments in order to meet this standard. The notices Stadion provided to plan participants did not provide participants sufficient knowledge to be alerted to an ERISA claim. Simple disclosure of transactions does not communicate an underlying breach. Defendants needed to show that the plaintiff was actually aware of the nature of the breach more than three years before the suit was filed. Defendants have failed to do so here. Therefore, Plaintiffs' claims are not barred by the ERISA three-year statute of limitation.

Accordingly, the Court will deny the motions to dismiss on the statute of limitations and repose grounds and will proceed to discuss the other issues raised in the motions.

_Fiduciary Authority_

ERISA provides:

> A person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposal of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.

29 U.S.C. § 1002(21)(A).

ERISA also provides fiduciary status for persons "named" as fiduciaries in the plan or "identified" as a fiduciary by an employer or employee organization. _Anoka Orthopaedic Assocs., P.A. v. Lechner_, 910 F.2d 514, 517 n.5 (8th Cir. 1990). "The term fiduciary is to be broadly construed." _Olson v. E.F. Hutton & Co., Inc._, 957 F.2d 622, 625 (8th Cir. 1992). Fiduciary status is not an all or nothing concept. A court must determine whether there is fiduciary status with respect to the particular activity in question. _Nelsen v. Principal_ Glob. Inv'rs Tr. Co_., 362 F. Supp. 3d 627, 635 (S.D. Iowa 2019). "Discretion is the benchmark for fiduciary status under ERISA." _Id._ (citing _Maniace v. Commerce Bank of Kan. City, N.A._, 40 F.3d 264, 267 (8th Cir. 1994). Fiduciary obligations can apply to managing, advising, and administering an ERISA plan. Therefore, "the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, performing a fiduciary function) when taking the action subject to complaint." _Pegram v. Herdrich_, 530 U.S. 211, 226 (2000).

Plaintiffs contend that Stadion is named a fiduciary under the contract between Stadion and Palace Entertainment. "Stadion acknowledges that it is a fiduciary with

respect to the management of participant accounts in which it has been given discretionary management authority." Filing No. 43-1 at 4. They argue that because Stadion was given discretionary management authority under the contract, there is no question that Stadion exercised the necessary discretionary control over the assets of plan participant accounts, and therefore acted as a fiduciary. Plaintiffs also contend that as an investment manager, by definition, Stadion is a fiduciary for ERISA purposes. 29 U.S.C. § 1002(38). They argue Stadion meets this definition because, first, "Stadion has the power to manage the assets in participants' accounts." Second, "Stadion is a registered investment advisor." Third, "Stadion has acknowledged its fiduciary status in writing, and specifically acknowledges its status as an ERISA § 3(38) fiduciary on its website." Filing No. 53 at 10-11. Last, Plaintiffs assert that fiduciary status is a fact sensitive inquiry that should not be resolved at this time.

Stadion argues it is not a fiduciary with respect to the challenged conduct and contend Plaintiffs' claims are related to the agreement Palace Entertainment entered with Stadion. Stadion asserts that its company makes investment services and products available for plan trustees, like Palace Entertainment, to utilize as part of their retirement plans. Doing so does not make Stadion an ERISA fiduciary with respect to the agreements independent plan fiduciaries like Palace Entertainment choose to use, Stadion argues. Stadion argues that it is not the relevant fiduciary because it "did not have discretion concerning the challenged conduct, nor did it have control over the 'negotiation and approval of [the Agreement].'" Filing No. 44 at 15. Stadion asserts it made its product available to the marketplace and reached an "arm's length agreement" to provide its services for a fee. Station argues it was in an "arm's length agreement" with Palace Entertainment, Plaintiff Davis's employer, and was "contractually obligated" to

provide agreed upon services, which were "restricted to the investment of participant assets in Stadion Managed Portfolios and the Guaranteed Account Fund, for agreed upon fees." Filing No. 44 at 16. Stadion contends that Palace Entertainment, as plan sponsor and trustee, chose the United of Omaha fund as the sole stable value fund for its plan, thus requiring Stadion to operate as such. Stadion argues that if the plan sponsor (Palace Entertainment) did not believe the product or agreement was appropriate for their plan, Palace Entertainment had the option to negotiate or choose a different provider. Filing No. 44 at 17.

Analysis

The Court disagrees with Stadion's argument and will deny the motion to dismiss on the grounds that Stadion was acting as a fiduciary with respect to the challenged conduct. The Court must find that there is fiduciary status with respect to the particular activity in question. *Maniace v. Commerce Bank of Kan. City, N.A.*, 40 F.3d 264, 267 (8th Cir. 1994). Here, the activity Plaintiffs challenge is Stadion's discretionary investment solely in United of Omaha's Guaranteed Account over other Stadion managed accounts. This discretionary authority was given to Stadion in the signed agreement between Stadion and Palace Entertainment. As noted, discretion is the benchmark for determining fiduciary status under ERISA. *Maniace*, 40 F.3d at 267. Additionally, "a trustee for a plan is not necessarily a fiduciary for the entire plan." *Id.* Though Plaintiffs' employer Palace Entertainment was trustee of the plan, Stadion was given discretionary, and therefore fiduciary authority, over participant accounts in the agreement with Palace Entertainment. Stadion acknowledged its fiduciary status "with respect to the management of participant accounts in which it has been given discretionary management authority," in the signed agreement. Filing No. 43-1 at 4. "ERISA provides fiduciary status for persons 'named'

as fiduciaries in the plan instrument or 'identified' as such by an employer or employee organization." *Anoka Orthopaedic*, 910 F.2d at 517 n.5 (quoting 29 U.S.C. § 1102(a)(2)). The discretionary activity Stadion conducted after the agreement with Palace Entertainment was formed is the challenged conduct by Plaintiffs.

Accordingly, the Court will deny Stadion's motion to dismiss on the fiduciary status grounds and will proceed to discuss the other issues raised in the motions.

### *Plausible Claim for Breach of Fiduciary Duty*

ERISA requires a prudent man standard of care for fiduciary duties:

> (1) A fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—
> (A) for the exclusive purpose of:
> i. Providing benefits to participants and their beneficiaries; and
> ii. Defraying reasonable expenses of administering the plan;
> (B) with the care, skill, prudence, and diligence under circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;
> (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and
> (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III.

29 U.S.C. § 1104(a)(1).

Provision (a)(1)(D) above indicates that "the duty of prudence trumps the instructions of a plan document, such as an instruction to invest exclusively in employer stock even if financial goals demand the contrary." *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 421 (2014). Once again, the responsibilities described in § 1104(a)(1) resemble the common law of trusts. *Pegram*, 530 U.S. at 224. "Thus, the common law charges fiduciaries with a duty of loyalty to guarantee beneficiaries' interests." *Id.* "ERISA imposes upon fiduciaries twin duties of loyalty and prudence, requiring them to

act 'solely in the interest of [plan] participants and beneficiaries' . . ." *Braden*, 588 F.3d at 595.

Federal Rule of Civil Procedure 8 requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 594. To survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); quoting *Twombly*, 550 U.S. at 544). Rule 8 does not require a plaintiff to plead "specific facts explaining precisely how the defendant's conduct was unlawful." *Id.* at 595. It is sufficient for a plaintiff to "plead facts indirectly showing unlawful behavior, so long as the facts pled 'give the defendant fair notice of what the claim is and the grounds upon which it rests,' and 'allow the court to draw the reasonable inference' that the plaintiff is entitled to relief." *Id.*

Plaintiffs argue that Stadion breached its fiduciary duty of loyalty "by making investment decisions to further its own interests and the interests of United of Omaha." Filing No. 53 at 12. Plaintiffs argue Stadion's conduct benefitting its partnership with United of Omaha, a third-party, is "fundamentally at odds with ERISA's duty of loyalty." *Id.* at 12-13. Plaintiffs also allege that Stadion violated the duty of prudence. Plaintiffs argue Stadion had an ongoing duty to remove investments that were improper but failed to do so by continuing to select and retain high-cost investments over lower-cost alternatives. *Id.* at 13-14.

Stadion argues that Count I of the amended complaint should be dismissed as it fails to state a claim that Stadion acted improperly and fails to allege facts to support a plausible claim of imprudence or disloyalty. Filing No. 44 at 18. Stadion argues Plaintiffs have not sufficiently alleged any misconduct by Stadion, but rather Plaintiffs have merely

alleged that Stadion should have invested in funds offered in the Plan lineup and with a cheaper stable value fund rather than the Guaranteed Account. *Id.* at 19. Stadion contends that the Plaintiffs allegations are "nothing more than hindsight comparisons that cannot serve as a basis for a claim." *Id.* at 19. Stadion also argues that Plaintiffs allegations that Stadion acted disloyally are unfounded. Stadion argues that the agreement entered into with Palace Entertainment, Plaintiffs Davis's employer, set forth Stadion's investment management services and fees and that Stadion strictly adhered to the contract's terms. *Id.* at 21. Therefore, Stadion did not act disloyally, and Plaintiffs failed to allege facts to the contrary, Stadion argues.

### Analysis

The Court finds that Plaintiffs have sufficiently pled facts that state a plausible claim for relief for a breach of fiduciary duty. As noted, Fed. R. Civ. P. 8 does not require a plaintiff to allege specific facts, but rather facts that allow the court to draw a reasonable inference that the plaintiff is entitled to relief. "No matter how clever or diligent, ERISA plaintiffs generally lack the inside information necessary to make out their claims in detail unless and until discovery commences." *Braden*, 588 F.3d at 598. The Court finds the Plaintiffs have sufficiently pled facts available to them at this point to proceed with their claim for breach of fiduciary duty.

### Prima Facie Case of Loss

"To establish a breach of fiduciary duty claim under ERISA, a plaintiff must show a breach of a fiduciary duty and 'a prima facie case of loss to the plan.'" *Eckelkamp v. Beste*, 315 F.3d 863, 867 (8th Cir. 2002)*, see Roth v. Sawyer-Cleator Lumber Co.*, 16 F.3d 915, 917 (8th Cir.1994). Under 29 U.S.C. § 1132(a)(2) a civil action may be brought "by a participant . . . for appropriate relief under 29 U.S.C. § 1109." *Braden*, 588 F.3d at

593. *See Adamson v. Armco, Inc.*, 44 F.3d 650, 654 (8th Cir. 1995). Moreover, suits under § 1132(a)(2) are "brought in a representative capacity on behalf of the plan as a whole" and remedies under § 1109 "protect the entire plan." *Id.* "Courts have recognized that a plaintiff with Article III standing may proceed under § 1132(a)(2) on behalf of the plan or other participants." *Id.* Therefore, "a plaintiff may seek relief under § 1132(a)(2) that sweeps beyond his own injury." *Id.*

Plaintiffs argue that Stadion's fiduciary breaches and prohibited transactions resulted in losses to class members like Plaintiff Davis who were enrolled in Stadion's managed account service. Filing No. 53 at 15-6. Plaintiffs contend that Plaintiff Davis's account "would have been worth more at the time it was distributed if not for Defendants' violations of ERISA." Filing No. 53 at 16. Plaintiffs allege and argue that because Stadion-managed subaccounts underperformed their stated benchmark indices each year since their inception, and that these very subaccounts include the one Stadion used to invest Plaintiff Davis's account, Plaintiff Davis suffered and pled a loss to herself. Filing No. 53 at 16. Plaintiffs also allege and argue that personalized allegations of loss are not required to plead a claim for compensatory relief under ERISA, but that it is sufficient to plead an aggregate loss to the affected plan. Filing No. 53 at 16.

Stadion argues Plaintiffs fail to plead a prima facie case of loss because Plaintiff Davis cannot plead that she suffered any loss. Stadion argues that Plaintiff does not allege any loss "as a result of actions or omissions by Stadion," alleging only that Stadion subaccounts underperformed "since their inception." Filing No. 44 at 22. Stadion argues that the "only remnants of her [Plaintiff Davis] allegations that would remain are those that could have accrued during a brief one-month window before she left the Plan prior to March 2013." Filing No. 44 at 22 (citing FAC ¶ 13). Stadion argues that their

subaccounts and the Guaranteed Account are long-term investments "intended to protect against economic downturns and perform over decades, and therefore their performance cannot be assessed in one-month isolation." Filing No. 44 at 22.

*Analysis*

The Court finds that Plaintiffs have sufficiently pled a prima facie case for loss. Plaintiff Davis has alleged injury in fact that is causally related to the conduct she seeks to challenge on behalf of the class. *See Braden*, 588 F.3d at 593. Plaintiffs allege that their account would have performed better if not for Stadion's investment services and preferential treatment to United of Omaha. Plaintiffs also allege that Stadion's subaccounts were underperforming for years, as compared to other options, yet Stadion continued to invest Plaintiff's retirement funds in the underperforming accounts. Therefore, causing a loss to Plaintiff Davis and the Class.

Accordingly, the Court will deny Stadion's motion to dismiss on the prima facie case of loss.

*Whether United of Omaha Knowingly Participated in Stadion's Alleged Breaches and Prohibited Transactions*

The United States Supreme Court has said that despite the lack of a specific provision of ERISA expressly imposing a duty on a non-fiduciary party in interest, a non-fiduciary party may be held liable under ERISA's remedial provision 29 U.S.C. § 1132(a)(3). *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 246 (2000). This provision "admits of no limit on the universe of possible defendants." *Id.* Additionally, 29 U.S.C. § 1132(l)(1) provides:

> (1) In the case of—
>> (A) Any breach of fiduciary responsibility under (or other violation of) part 4 of this subtitle by a fiduciary, or

(B) Any knowing participation in such a breach or violation by any other person,

The Secretary shall assess a civil penalty against such fiduciary or other person in an amount equal to 20 percent of the applicable recovery amount.

This provision indicates two potential classes of defendants: fiduciaries and "other persons." *Harris*, 530 U.S. at 248. Therefore, § 1132(l)(1) "refutes the notion that § 1132(a)(3) (or (a)(5)) liability hinges on whether the particular defendant labors under a duty expressly imposed by the substantive provisions of ERISA Title I." *Id.* at 249.

Plaintiffs argue that the applicable ERISA provisions do not limit the "universe of possible defendants." Filing No. 54 at 5. Plaintiffs argue that ERISA provides for civil actions against fiduciaries in breach of their fiduciary responsibility and "any other person who engages in knowing participation in such a breach." Filing No. 54 at 6. Plaintiffs argue knowledge may be alleged generally under the Federal Rules. Filing No. 54 at 12. Plaintiffs also argue that United of Omaha knew or should have known that Stadion was acting in a fiduciary capacity and that United of Omaha was a party in interest. Therefore, United of Omaha had actual or constructive knowledge of the circumstances that rendered the unlawful activity, Plaintiffs argue.

United of Omaha argues that Plaintiffs have not alleged a "predicate claim for breach of fiduciary duty against Stadion," and that ERISA does not "authorize claims against non-fiduciaries" for "knowing participation in a breach of a fiduciary duty." Filing No. 48 at 11. United of Omaha also argues that Plaintiffs have not "plausibly alleged the elements" for a claim that United of Omaha actually knew Stadion had breached any fiduciary duty. Filing No. 48 at 11. United of Omaha asserts that Plaintiffs must plead "nonconclusory factual allegations plausibly demonstrating that United knew Stadion both had fiduciary duties and violated those duties." Filing No. 48 at 16. Therefore,

United of Omaha argues Plaintiffs have not alleged facts that lead to a plausible conclusion that United of Omaha should have known that Stadion was a fiduciary and was acting imprudently. Lastly, United of Omaha argues that Plaintiffs have failed to establish the necessary facts to establish that United of Omaha was a "party in interest to the Plan and had actual or constructive knowledge of the circumstances that rendered the transaction unlawful." Filing No. 48 at 21.

*Analysis*

The Court finds Stadion was acting in a fiduciary capacity and that United of Omaha is included in the "other persons" language of 29 U.S.C. § 1132(l)(1). *See Harris,* 530 U.S. 238 (2000). Plaintiffs have sufficiently pled that United of Omaha was a party in interest and likely knew or should have known that Stadion was a fiduciary of the Plan and that United of Omaha was complicit in Stadion's activity. In order to fully explore to what extent United of Omaha was aware of Stadion's alleged breaches, the parties will need to conduct discovery.

Accordingly, the Court will deny United of Omaha's motion to dismiss on the Ground that United of Omaha knowingly participated in the alleged conduct.

*The Relief Plaintiffs Seek Is Not Appropriate Equitable Relief Under ERISA*

The common law of trusts is a starting point for ERISA analysis. It is well settled that "when a trustee in breach of his fiduciary duty to the beneficiaries transfers trust property to a third person, the third person takes the property subject to the trust . . ." *Harris,* 530 U.S. at 250. "The trustee or beneficiaries may then maintain an action for restitution of the property (if not already disposed of) or disgorgement of proceeds (if already disposed of), and disgorgement of the third person's profits derived therefrom." *Id.* Additionally, that a "transferee was not 'the original wrongdoer' does not insulate him

from liability for restitution." *Id.* at 251. A transferee of "ill-gotten trust assets" may be held liable. *Id.*

Persons empowered to bring a civil action may:

> (A) enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or
> (B) to obtain other appropriate equitable relief
>> (i) to redress such violations or
>> (ii) to enforce any provisions of this subchapter or the terms of the plan . . .

29 U.S.C. § 1132(a)(3).

In civil penalties on violations by fiduciaries, "the Secretary shall assess a civil penalty against such fiduciary or other person in an amount equal to 20 percent of the applicable recovery amount." 29 U.S.C. § 1132(l)(1).

Plaintiffs seek "an accounting for profits earned by United of Omaha . . . and a subsequent order requiring United of Omaha to disgorge all such profits received." Filing No. 54 at 19. Plaintiffs argue this type of relief is authorized by the "principles of . . . equitable restitution." *Id.* Plaintiffs argue that there is an exception to the traceability requirement "for an accounting of profits, a form of equitable restitution." *Id.* at 20. Plaintiffs argue under this exception, Plaintiffs "may . . . recover profits produced by the defendant's use of [plaintiff's] property, even if [they] cannot identify a particular res containing the profits sought to be recovered." *Id.* at 20. Plaintiffs argue that "disgorge[ing] the profits and gains [defendants] realized as part of their wrongful conduct . . . falls squarely within the Court's definition of 'appropriate equitable relief' as stated in ERISA 1132(a)(3)." *Id.* at 20. Plaintiffs do not seek just an accounting of profits against United of Omaha, but also "other equitable relief to redress Defendants' unlawful

practices," Plaintiffs argue. Lastly, Plaintiffs assert that whether Plaintiffs have an equitable remedy is not a question to be decided in the pleading stage. *Id.* at 21.

United of Omaha alleges that the relief Plaintiffs seek is not appropriate equitable relief under ERISA. Filing No. 48 at 24. United of Omaha argues that it is the "substance of the remedy sought rather than the label placed on that remedy that controls." *Id.* United of Omaha asserts that the substance of the relief sought by Plaintiffs is "legal (money damages) relief, as opposed to equitable relief available under § 1132(a)(3)." *Id.* United of Omaha argues that Plaintiffs do not seek to "recover specifically identifiable funds or property in United's possession that are traceable to her, or even the Plan." *Id.* at 25. Rather, Plaintiffs seek to "recover an amount of money from United equal to the allegedly 'excessive' compensation it received like any of the other funds in its general asset account." *Id.* United of Omaha argues that this remedy is a "classic legal remedy and is unavailable under § 1132(a)(3)." *Id.* at 25-26. United of Omaha argues that the funds Plaintiffs seek are not traceable to any specific person because the compensation United receives is mixed with funds from other sources and held in its general assets. *Id.* at 26. Therefore, it is "not traceable to a res or particular funds, and cannot be recovered as 'equitable relief' under ERISA." *Id.* at 26.

### Analysis

The Court finds that Plaintiffs seek appropriate relief. "An action for restitution against a transferee of tainted plan assets satisfies the 'appropriate[ness]' criterion in § 1132(a)(3)." Harris, 530 U.S. at 253. "Such relief is also 'equitable' in nature." *Id.* The Court finds that because Plaintiffs have sufficiently pled facts alleging Stadion's unlawful conduct and United of Omaha's complicit knowledge of that conduct, the Plaintiffs have also sufficiently sought appropriate equitable relief under ERISA.

Accordingly, the Court will deny both Stadion and United of Omaha's motions to dismiss and the case will proceed to trial.

**THEREFORE, IT IS ORDERED THAT:**

1. Defendant Stadion's Motion to Dismiss, Filing No. 42, is denied;

2. Defendant United of Omaha's Motion to Dismiss, Filing No. 47, is denied.

Dated this 16th day of March, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge